**Michael Dewayne FARRIS, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 1250–88.

Court of Criminal Appeals of Texas, En Banc.

Oct. 10, 1990.

Rehearing Overruled May 8, 1991.

Richard Alley and Glen E. Eakman, Fort Worth, for appellant.

Richard L. Hattox, Granbury and Robert Huttash, Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Michael Dewayne Farris, henceforth appellant, was convicted by the jury of the offense of possession of more than four hundred [400] grams of amphetamine, a controlled substance.[1] The jury also assessed appellant's punishment at fifty years' confinement in the Texas Department of Criminal Justice, Institutional Division, and a $20,000 fine.

The facts show the following: On April 24, 1987, after several hours of surveillance, a team of peace officers executed a search warrant at appellant's home in Hood County. The officers seized various materials used in manufacturing amphetamine and three substances containing amphetamine.

---

1. In pertinent part, the indictment in this cause alleges that "on or about the 24th day of April, 1987, and before the presentment of this indictment, in Hood County, Texas, MICHAEL DEWAYNE FARRIS, Defendant, did then and there intentionally and knowingly possess a controlled substance, namely amphetamine, of more than four-hundred grams." For reasons not explicated in the record, the State did not allege, after "four-hundred grams," the phrase "including adulterants and dilutants." See also Art. 4476–15, §§ 4.02(c)(3) and 4.041(a), (c), and Art. 4476–15, § 4.031(d)(2), V.A.C.S. The Controlled Substances Act is now listed under the Health and Safety Code, Chapter 481. See V.T.C.A. Health and Safety Code, Sec. 481.103 and Sec. 481.113.

Appellant appealed his conviction to the Second Court of Appeals, which, after holding the evidence was sufficient and the jury charge given by the trial court was not erroneous, affirmed the conviction in a published opinion. See *Farris v. State*, 759 S.W.2d 518 (Tex.App.—Fort Worth 1988), henceforth *Farris*. We reverse.

We granted appellant's petition for discretionary review in order to review the following grounds for review: (1) "The Court of Appeals erred in holding that the evidence is sufficient as a matter of law to support a finding of guilt for the reason that the evidence fails to show that the amount of amphetamine was in excess of 400 grams as alleged in the indictment ...", and (2) "The Court of Appeals erred in failing to find that the trial court erred in charging the jury that amphetamine also included 'all adulterant's [sic] and dilutant's [sic]' when the same was not charged in the indictment."

Appellant contends that the evidence adduced at trial was insufficient to support his conviction. Specifically, appellant argues that the evidence did not support the conclusion that he possessed more than four hundred [400] grams of pure amphetamine.

The court of appeals overruled appellant's sufficiency challenge, holding that "in an indictment for aggravated possession of a controlled substance pursuant to section 4.041, the use of the term 'controlled substance' includes adulterants and dilutants". *Farris*, supra, at 521. We are unable to agree with the reason that the court of appeals gave in overruling appellant's challenge to the sufficiency of the evidence.

The "sufficiency of the evidence is to be measured against the jury charge, which we interpret to mean the entire charge." *Garrett v. State*, 749 S.W.2d 784, 803 (Tex. Cr.App.1986). "Because a verdict of 'guilty' necessarily means the jury found evidence of that on which it was authorized to convict, the *evidence* is measured by the *charge*. [I]f [the evidence] does not con-

form to the charge, it is insufficient as a matter of law to support the only verdict authorized." *Benson v. State*, 661 S.W.2d 708, 713 (Tex.Cr.App.1983) (Emphasis in original). See also *Boozer v. State*, 717 S.W.2d 608, 610–611 (Tex.Cr.App.1984), and *Ortega v. State*, 668 S.W.2d 701 (Tex.Cr. App.1983).[2]

Appellant maintains that the jury charge did not authorize the jury to convict unless it was established beyond a reasonable doubt that he possessed more than 400 grams of *pure* amphetamine. He contends that the pertinent application paragraph of the charge did not allow the jury to include adulterants and dilutants into the computation of how much amphetamine he possessed.

■ We hold that, when read as a whole, and in the light most favorable to the verdict, the pertinent application paragraph of the charge in this cause would allow any rational trier of fact to conclude that in determining the amount of pure amphetamine allegedly possessed by appellant, he could add "adulterants and dilutants."

This Court held in *McGlothlin v. State*, 749 S.W.2d 856, 859–860 (Tex.Cr.App.1988), henceforth *McGlothlin*, also see *Engelking v. State*, 750 S.W.2d 213 (Tex.Cr.App.1988), henceforth *Engelking*, that in a conviction for possession of amphetamine of more than 400 grams, the terms adulterant and dilutant are part of a "complex statutory scheme," and refer to "compounds, substances or solutions added to the controlled substance with the intent to increase the bulk of the product [o]r increase the quantity of the final product 'without affecting its activity. *McGlothlin*, 749 S.W.2d, at 859–860 (Tex.Cr.App.1988). In *McGlothlin*, we held that since the "record [was] devoid of any evidence pertaining to the reason or purpose for the presence of the water in the solution, [and] it cannot be said that the water was an adulterant or dilutant," the evidence was insufficient to prove that the appellant possessed more than 400 grams of pure amphetamine. *Id.* at 861.

**2.** We attach to this opinion as "Appendix A" the     pertinent portions of the charge to the jury.

Dr. Joel Budge, the State's chemist, testified on direct examination that State's Exhibit Number One was a white powder which contained amphetamine. He also testified that State's Exhibits Two and Three were liquids which both contained amphetamine. According to Dr. Budge's testimony, the exhibits had a total weight of 916.83 grams, which included both adulterants and dilutants. On cross-examination, defense counsel asked Dr. Budge: "Can you tell this jury under oath exactly how much amphetamine is here in court today?" Dr. Budge responded: "Including its adulterants and dilutants, I can." Defense Counsel: "Not including its adulterants and dilutants?" Dr. Budge: "No, sir, I cannot." The prosecuting attorney asked Dr. Budge: "Does it make any difference in reference to your report as to what the dilutants and adulterants are?" Dr. Budge answered: "No, sir." Defense counsel then objected: "Your Honor, we're going to object to this as going into a matter of law, he hasn't plead adulterants and dilutants, he's only plead amphetamines. I think there is a case on this before the Court of Criminal Appeals."[3] The trial court sustained appellant's counsel's objection and then instructed the jury to disregard the preceding question and answer.

■ In response to the reasoning of the court of appeals and the argument by the State that the use of the term "controlled substance" in the indictment, and presumably the charge, necessarily includes adulterants and dilutants because of the wording of § 4.031(c), we find such an interpretation much too broad. § 4.031(c) does not "define" a "controlled substance"; it describes an offense, and the language, "if ... the amount of the controlled substance ... is by aggregate weight, including any adulterants or dilutants, 400 grams or more", simply instructs as to how the weight of a controlled substance may be determined for purposes of establishing the aggravating element of that offense. As

we stated previously, adulterants and dilutants are substances added to a controlled substance to increase the bulk or quantity of the controlled substance in its final form. *McGlothlin*, 749 S.W.2d at 860. Therefore, the term "controlled substance" does not necessarily include adulterants and dilutants.

■ We hold that the evidence is insufficient to support appellant's conviction for possession of more than 400 grams of pure amphetamine.[4] Also see *Reeves v. State*, 806 S.W.2d 540 (Tex.Cr.App.1990.)

The judgment of the court of appeals is therefore reversed and this cause is remanded to the trial court with instructions to enter a judgment of aquittal on appellant's behalf to the offense of possession of more than 400 grams of amphetamine.

McCORMICK, P.J., and BERCHELMANN, J., dissent.

### APPENDIX A

### THE STATE OF TEXAS

### vs.

### MICHAEL DWAYNE FARRIS

In the District Court of Hood County, Texas 355th Judicial District

### CASE NO. 5482
### CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

The defendant, Michael Dwayne Farris stands charged by indictment with the offense of aggravated possession of a controlled substance, to-wit, amphetamine, alleged to have been committed on or about the 24th day of April, 1987, in Hood County, Texas. The defendant has pleaded not guilty.

1.

Our law provides that a person commits an offense if he intentionally or knowingly

---

3. McGlothlin was at that time still pending before this Court for review purposes.

4. Having found the evidence insufficient on appellant's first point of error, there is no need for us to review his second point of error.

possesses a controlled substance. Amphetamine is a controlled substance.

Our law provides that a person commits an aggravated offense if the person intentionally or knowingly possesses a controlled substance and the amount of the controlled substance possessed is, by aggregate weight, including any adulterants or dilutants, 28 grams or more.

By the term "possession" is meant actual care, custody, control or management of the controlled substance.

With respect to the "possession" charged, you are instructed that such possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.

So, if you find from the evidence, or if you have a reasonable doubt thereof, that at the time the offense is alleged to have occurred the said Michael Dwayne Farris did not have the actual care, custody, control, or management of the amphetamine, if any, then you will find the defendant, Michael Dwayne Farris, not guilty.

### 2.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to the circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

### 3.

Before you would be warranted in convicting the defendant you must find from the evidence beyond a reasonable doubt that the exhibits introduced in evidence by the State are amphetamine and you must

also find beyond a reasonable doubt that the defendant voluntarily had the amphetamine if any, in his possession.

### 4.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 24th day of April, 1987, in Hood County, Texas, the defendant, Michael Dwayne Farris did then and there intentionally or knowingly possess a controlled substance, namely amphetamine, of more than four hundred grams, then you will find the defendant guilty of aggravated possession of a controlled substance, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty, and next consider whether he is guilty of the lesser offense of aggravated possession of a controlled substance of 28 grams or more but less than 400 grams.

### 5.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 24th day of April, 1987, in Hood County, Texas, the defendant, Michael Dwayne Farris, did then and there intentionally or knowingly possess a controlled substance, namely amphetamine, of 28 grams or more but less than 400 grams, then you will find the defendant guilty of the lesser offense of aggravated possession of a controlled substance.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty, and next consider whether he is guilty of the lesser offense of possession of a controlled substance.

### 6.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 24th day of April, 1987, in Hood County, Texas, the defendant, Michael Dwayne Farris, did then and there intentionally or knowingly possess a controlled substance, namely amphetamine of less than 28 grams, then you will find the defendant

guilty of possession of a controlled substance.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

### 7.

If you find from the evidence beyond a reasonable doubt that the defendant is guilty of aggravated possession of a controlled substance of more than 400 grams, aggravated possession of a controlled substance of 28 grams or more but less than 400 grams, or possession of a controlled substance, but you have a reasonable doubt as to which offense he is guilty, then you must resolve that doubt in defendant's favor and find him guilty of the lesser offense.

If you have a reasonable doubt as to whether defendant is guilty of any offense defined in this charge, then you should acquit the defendant and say by your verdict not guilty.