**John Napolean MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–00598–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 7, 1992.

Charles Hinton, Houston, for appellant.

Scott A. Durfee, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant entered pleas of not guilty to two counts of aggravated robbery. He was convicted and the jury assessed punishment at ten years' confinement in the Texas Department of Criminal Justice, probated. The judgment is reversed and remanded for an acquittal in both counts.

On the night of October 10, 1990, appellant and his co-defendant forced their way into the home of the complainants, an elderly couple, and robbed them at gunpoint. The robbers made off with $200 in cash.

At the conclusion of appellant's trial, the court charged the jury as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 10th day of October, 1990, in Harris County, Texas, the defendant, John Napoleon Martin, did then and there unlawfully, while in the course of committing theft of property owned by [the complainant], and with intent to obtain or maintain control of the property, intentionally or knowingly threaten or place [the complainant] in fear of imminent

bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit, a firearm, then you will find the defendant guilty as charged in count one of the indictment.

The trial court neither applied the law of parties to the facts of the case nor included a definition of the theory in the charge.

■ In two points of error, appellant contends that there was insufficient evidence to enable a rational trier of fact to find beyond a reasonable doubt that appellant used or exhibited a deadly weapon, which is an essential element of the offense of aggravated robbery. The Court of Criminal Appeals has held that the sufficiency of the evidence is to be measured against the entire jury charge. *Farris v. State*, 811 S.W.2d 577, 579 (Tex.Crim.App. 1990); *Garrett v. State*, 749 S.W.2d 784, 803 (Tex.Crim.App.1986). "Because a verdict of 'guilty' necessarily means the jury found evidence of that on which it was authorized to convict, the *evidence* is measured by the *charge*. [I]f [the evidence] does *not conform to the charge*, it is insufficient as a matter of law to support the only verdict authorized." *Farris*, 811 S.W.2d at 579 (*quoting Benson v. State*, 661 S.W.2d 708, 713 (Tex.Crim.App.1983) (emphasis in original)).

■ The evidence establishes that the co-defendant, and not appellant, used or exhibited a deadly weapon during the robbery. Both complainants testified that they saw only one gun and that appellant was not the one who was carrying it. Throughout the trial, they both referred to the co-defendant as "the man with the gun." The wife identified appellant in court as the man without the gun in the robbery. The only theory upon which appellant could be found guilty of aggravated robbery is under the law of parties, but the charge does not authorize conviction on that theory. Thus, the evidence was insufficient to demonstrate that appellant was guilty of aggravated robbery in the capacity of a non-party. *Jones v. State*, 815 S.W.2d 667, 671 (Tex.Crim.App.1991). Appellant's points of error are sustained.

The judgment is reversed and remanded for the entry of a judgment of acquittal.