Floyd Lee BLOUNT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–91–01407–CR, 01–91–01408–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 18, 1993.

Robert Wicoff, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda West, John Malanga, Asst. Dist. Attys., Houston, for appellee.

Before OLIVER–PARROTT, O'CONNOR and WILSON, JJ.

## OPINION

WILSON, Justice.

Appellant was indicted in cause number 586,615 for two counts of aggravated robbery committed on December 13, 1990. Appellant was indicted in cause number 607,464 for two more counts of aggravated robbery, which were committed on December 21, 1990. In a single trial, a jury found appellant guilty of all four counts, and assessed punishment at confinement for 20 years and a fine of $7,500 for each of the four counts.

Appellant now challenges his conviction under count one of the indictment for the December 13 robberies, and his conviction under count two of the indictment for the December 21 robberies. We affirm the December 13 conviction. We reverse the December 21 conviction and render a judgment of acquittal. Appellant does not challenge the remaining two convictions, and we do not address them.

## I. The December 13 Robberies

The evidence presented at trial, viewed in the light most favorable to the verdict, demonstrates that on the evening of December 13, 1990, Mr. and Mrs. Jackie Kopinsky were at the home of a friend making arrangements for their daughter's wedding. At around 9:00 p.m., they returned to their townhome and parked in the underground parking garage on the premises. Just as they stepped out of their car, the Kopinskys were confronted by appellant and another man. Appellant pointed a handgun at both of them and demanded money. Appellant next pointed the gun at Mr. Kopinsky's forehead and took Mr. Kopinsky's watch and the money from his wallet. Meanwhile, appellant's unarmed accomplice took Mrs. Kopinsky's purse, watch, and rings. As the two men took the Kopinsky's property, appellant threatened to kill them both. Appellant then made the Kopinskys lie face-down on the garage floor, and he and his accomplice fled from the scene. Appellant did not personally take any property from Mrs. Kopinsky.

Appellant alleges a single point of error regarding his convictions for the December 13 incident. He contends the evidence was insufficient to support his conviction under count one of the indictment in light of the court's charge to the jury.

Count one of the indictment alleged that on or about December 13, 1990, appellant:
while in the course of committing theft of property owned by LUISA KOPINSKY and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place LUISA

KOPINSKY in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to-wit, A FIREARM.

The application paragraphs of the court's charge to the jury on count one provided:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 13th day of December, 1990, in Harris County, Texas, the defendant, Floyd Lee Blount, did then and there unlawfully, while in the course of committing theft of property owned by Luisa Kopinsky, and with intent to obtain or maintain control of the property, intentionally or knowingly threaten or place Luisa Kopinsky in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a firearm, to-wit, a firearm, then you will find the defendant guilty as charged in count one of the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty" in count one of the indictment.

The jury charge did not include any instruction on the law of parties. Therefore, appellant contends the jury was authorized to convict him under count one only if they found that he, *personally* was "in the course of committing a theft of property owned by Luisa Kopinsky." Both Mr. and Mrs. Kopinsky testified that appellant took property only from Mr. Kopinsky, and that it was appellant's accomplice who took property from Mrs. Kopinsky. Therefore, appellant asserts the evidence was insufficient to support his conviction under this count.[1]

In order for a jury to be authorized to convict a defendant as a party, the law of parties must be included in the application paragraph of the charge. *Walker v. State*, 823 S.W.2d 247, 248 (Tex. Crim.App.1991); *Jones v. State*, 815 S.W.2d 667, 669 (Tex.Crim.App.1991). The indictment in this case alleged appellant committed this offense as a primary actor. Because the jury charge did not include an abstract on the law of parties, the jury was entitled to convict appellant only on the basis of his own conduct. *Walker*, 823 S.W.2d at 248.

The State contends the jury was entitled to convict appellant on the basis of his own conduct, because he took property from Mr. Kopinsky, and Mrs. Kopinsky had a greater right to that property than appellant. The jury was instructed regarding ownership as follows:

"Owner" means a person who has title to the property, possession of the property, or a greater right to possession of the property than the person charged.

The State argues the jury could have found that Mrs. Kopinsky was the owner of property taken from Mr. Kopinsky by appellant, because evidence was presented that the Kopinskys were married at the time of the robbery. It contends the marital relationship was sufficient to establish her ownership of the property taken from Mr. Kopinsky.

We disagree with the State's arguments. Appellant was convicted under count two of the indictment for the aggravated robbery of *Mr. Kopinsky*. The application paragraphs of the court's charge to the jury on count two required the jury to find appellant was "in the course of committing a theft of property owned by Jackie Kopinsky." Thus, if we were to affirm appel-

---

1. Appellant makes an argument that is similar, but not identical, to the arguments made in *Jones v. State*, 815 S.W.2d 667 (Tex.Crim.App. 1991) and *Martin v. State*, 830 S.W.2d 333 (Tex. App.—Houston [14th Dist.] 1992, no pet.). In each of those cases, a defendant was convicted of aggravated robbery where the evidence established that a co-defendant, not the defendant, used or exhibited a deadly weapon during the commission of the robbery. But, the jury charges failed to apply the law of parties to the facts of the case. In both cases, the convictions were reversed on the ground of insufficient evidence. *Jones*, 815 S.W.2d at 670–71; *Martin*, 830 S.W.2d at 334. In the present case, appellant does not contest that he wielded the weapon, but only that it was his accomplice and not he who completed the theft from Mrs. Kopinsky.

lant's conviction for aggravated robbery under count one, based upon the theft of the same property that was the basis for appellant's aggravated robbery conviction under count two, on the theory that the property taken from Mr. Kopinsky was jointly owned, we would run afoul of appellant's right against double jeopardy.

The Texas Court of Criminal Appeals, in a recent decision, has confirmed that a defendant may not be punished for two aggravated robberies where two victims are placed in fear, but where only a single theft has occurred. *Cook v. State*, 840 S.W.2d 384, 389 (Tex.Crim.App.1992). Such multiple punishments violate double jeopardy whether they are imposed in successive trials, or in a single proceeding. *Id.* at 389.[2] The court reasoned as follows:

> The aggravated robbery statute hinges on the fact that there has been a theft, an essential element required to violate the aggravated robbery statute. Where there is only one theft from one individual, there can be only one aggravated robbery offense. *Crosby*, 703 S.W.2d at 685; *Simmons [v. State]*, 745 S.W.2d [348] at 351–52. Because there was only one theft in this case, there can be only one conviction for aggravated robbery, regardless of the number of victims of the assaultive conduct. We therefore hold that the appellant was put in double

jeopardy when he was twice convicted of the same aggravated robbery.

*Id.*

A single theft of property may support only a single aggravated robbery conviction. Therefore, we find the jury was not authorized to convict appellant under count one on the theory that he took property from Mr. Kopinsky that was owned by Mrs. Kopinsky, because the jury separately convicted appellant under count two for the theft of this same property. The fact that the property taken from Mr. Kopinsky may have been jointly owned does not provide an adequate ground to distinguish this case.

Our inquiry does not end with that finding. A person commits robbery if:

> in the course of committing theft *as defined in Chapter 31 of this code* and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX.PENAL CODE ANN. § 29.02 (Vernon 1989) (emphasis added).[3]

Disregarding the theft committed from Mr. Kopinsky, we now consider whether there is evidence to support a finding that appellant, personally committed a theft, as defined in chapter 31, from Mrs. Kopinsky. Penal Code section 31.03 pro-

---

**2.** In *Cook*, the defendant committed a single theft of a hubcap from an automobile parked at a shopping mall. A high speed chase ensued as the police followed him into a nearby neighborhood. When the defendant's truck ran into a ditch, one police officer got out of his patrol car to arrest him. The defendant restarted his truck and drove it straight at the officer. A second officer also got out of his car, and the defendant drove his truck at the second officer. *Cook*, 840 S.W.2d at 385.

**3.** Some confusion may arise in the interpretation of this section, due to the interplay between the terms "theft" and "in the course of committing theft." We understand this section to involve a two-part analysis. First, the evidence must show that a theft or attempted theft has occurred, *as theft is defined in section 31.03*. If neither has occurred, a defendant may not be convicted of robbery, because theft (whether completed or merely attempted) is an integral

part of the offense of robbery. *Cook*, 840 S.W.2d at 387. Second, if a theft or attempted theft has occurred, the evidence must demonstrate that the defendant, with intent to obtain or maintain control of the property, caused bodily injury, threatened, or placed another in fear of imminent bodily injury or death while "in the course of committing theft," as defined in section 29.01(1). This latter definition sets forth the *time* during which the assaultive conduct must occur to fall within the parameters of the robbery statute (i.e. during an attempt to commit theft, during the commission of a completed theft, or during immediate flight from an attempted or completed theft). The evidence must support both parts of this analysis for conduct to constitute robbery. A factfinder may find an *aggravated* robbery has occurred if a person commits robbery and (1) causes serious bodily injury to another; or (2) uses or exhibits a deadly weapon. TEX.PENAL CODE ANN. § 29.03. (Vernon 1989).

vides that a person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property. Tex.Penal Code Ann. § 31.03(a) (Vernon 1989). It is undisputed that appellant did not personally appropriate any property from Mrs. Kopinsky.

The Court of Criminal Appeals has stated that although theft is an integral part of the offense of aggravated robbery, the actual *completion* of a theft is not necessary for conduct to constitute robbery. *Cook*, 840 S.W.2d at 387. The court has held as follows:

> The offenses of robbery and aggravated robbery, as defined in the above quoted statutes, do not require as an element thereof that the property sought actually be obtained. It is sufficient to show an intent to obtain (or maintain) control of the property, an accompanying theft or attempted theft, and the additional acts with requisite intent set forth in Sections 29.02(a)(1) or (2), 29.03(a)(1) or (2).…

*Watts v. State*, 516 S.W.2d 414, 415 (Tex. Crim.App.1974).[4]

We conclude that it was not necessary for the evidence to demonstrate that appellant actually completed a theft against Mrs. Kopinsky to convict him under count one. Rather, the evidence was sufficient to support appellant's conviction for aggravated robbery if it showed that he *attempted* a theft, and that, with intent to obtain or

maintain control of her property, he threatened or placed Mrs. Kopinsky in fear while "in the course of committing theft,"[5] and used or exhibited a deadly weapon. Tex.Penal Code Ann. § 29.03 (Vernon 1989). The jury charge in this case included instruction on the law of attempt.

 Thus, we also inquire whether the evidence is sufficient to sustain a finding that appellant, personally attempted a theft of property from Mrs. Kopinsky. Mr. Kopinsky testified that as appellant approached the Kopinskys, he initially pointed the gun at both of them and said "give me the money." On the basis of Mr. Kopinsky's testimony, the jury could find that appellant attempted to commit a theft of property from Mrs. Kopinsky, even though it was his accomplice who ultimately completed a theft. Appellant's acts of pointing a gun at *both* the Kopinskys and simultaneously demanding money show an intent to obtain control of property from Mrs. Kopinsky. We also find the testimony of Mr. and Mrs. Kopinsky was sufficient to support a finding that appellant threatened or placed Mrs. Kopinsky in fear with the handgun while he was "in the course of committing theft" from her.[6]

 Therefore, the jury could have found that appellant, while "in the course of committing theft" and with intent to obtain control of property belonging to Mrs. Kopinsky, intentionally or knowingly

---

**4.** *See also Ex parte Santellana*, 606 S.W.2d 331, 333 (Tex.Crim.App.1980), wherein the court stated:

> Two criminal acts are implicit in the offense of aggravated robbery: a theft, whether attempted, in progress, or completed, and an assault, which in the instant case was allegedly done by threat with a deadly weapon.

**5.** "In the course of committing theft" is defined as "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." Tex.Penal Code Ann. § 29.01(1) (Vernon 1989).

**6.** These facts are distinguishable from those in *Ex parte Crosby*, 703 S.W.2d 683 (Tex.Crim.App. 1986). In that case, two defendants broke into a residence owned by a married couple, with the intent to commit robbery. After causing bodily injury to both spouses, the defendants robbed only the husband. The Court of Crimi-

nal Appeals found that because only one theft occurred, only one aggravated robbery took place. The court indicated that the defendants might properly be charged with the aggravated assault of the wife, but not with an additional aggravated robbery. *Id.* at 684–85. In the present case, however, testimony was presented that appellant pointed the gun at *both* victims *while demanding money*, and that items were taken from both of them. The evidence of the completed theft committed by appellant's accomplice will not support appellant's conviction for aggravated robbery, absent instruction on the law of parties. But appellant's pointing the gun at both the Kopinskys while demanding money, and his acquiesence in his accomplice's theft from Mrs. Kopinsky is probative of appellant's *intent*. Again, the robbery statute requires only conduct constituting an attempted theft and assaultive acts, each of which is accompanied by intent to obtain or maintain control of property. *Watts*, 516 S.W.2d at 415.

threatened or placed Mrs. Kopinsky in fear of imminent bodily injury or death, and used or exhibited a deadly weapon. TEX.PENAL CODE ANN. § 29.03 (Vernon 1989). We hold the evidence is sufficient to sustain a finding that appellant, personally committed an aggravated robbery against Mrs. Kopinsky. Where a general verdict is returned, and the evidence is sufficient to support a finding under any of the counts submitted, the verdict will be applied to the offense finding support in the facts. *Aguirre v. State*, 732 S.W.2d 320, 326 (Tex.Crim.App.1987).[7]

Appellant's sole point of error under count one in cause number 586,615 is overruled.

## II. The December 21 Robbery

Eight days after the first robberies, on the evening of December 21, 1990, Mrs. Kopinsky and her daughter, Silvia Azubel, arrived at the same townhome after attending a concert. Mrs. Kopinsky parked the car in the underground garage at around 11:10 p.m. As the two women got out of the car, appellant jogged up to them with a gun. Mrs. Kopinsky said, "I can't believe it's the same guy." Appellant then pointed the handgun at both women and demanded money. Mrs. Kopinsky opened her purse, and appellant removed the money from her wallet. Ms. Azubel slid her purse across the trunk of the car toward appellant, but he did not touch it. No property was taken from Ms. Azubel. Appellant then instructed both women to turn around and walk to the front of the car. When they complied, he ran out of the garage.

In two points of error, appellant also challenges his conviction for aggravated robbery under count two of the indictment.

Count two of that indictment alleged that on or about December 21, 1990, appellant:

> while in the course of committing theft of property owned by SILVIA AZUBEL and with intent to obtain and maintain control of the property, intentionally and

knowingly threaten and place SILVIA AZUBEL in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to-wit, A FIREARM.

The State moved to amend the indictment to allege that appellant was in the course of committing theft of property owned by *Luisa Kopinsky*, when he placed Silvia Azubel in fear of imminent injury. The judge granted the State's motion, but the face of the indictment was never altered. Thus, as the State concedes, there was no amendment. *See Ward v. State*, 829 S.W.2d 787, 795 (Tex.Crim.App.1992).

However, the application paragraphs of the court's charge to the jury on count two read as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 21st day of December, 1990, in Harris County, Texas, the defendant, Floyd Lee Blount, did then and there unlawfully, while in the course of committing theft of property owned by *Luisa Kopinsky*, and with intent to obtain or maintain control of the property, intentionally or knowingly threaten or place Silvia Azubel in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit, a firearm, then you will find the defendant guilty as charged in count two of the indictment.
>
> Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty" in count two of the indictment.

(Emphasis added.)

Thus, while the indictment alleged appellant was in the course of committing a theft from Silvia Azubel, the jury charge alleged he was in the course of committing a theft from Luisa Kopinsky. Appellant did not object to the jury charge.

---

**7.** Appellant is not being held responsible for his accomplice's completed theft of property from Mrs. Kopinsky, but only for his own criminal intent and acts. Thus, the law of parties is not necessary to uphold his conviction. The fact that appellant's accomplice completed a theft against Mrs. Kopinsky does not prevent a finding that appellant attempted a theft.

■ In his first point of error, appellant contends the evidence was insufficient to support a finding that he was "in the course of committing a theft of property owned by Silvia Azubel," as charged in count two of the indictment. In his second point of error, he contends his conviction for aggravated robbery based on the "theft of property owned by Luisa Kopinsky," as charged in the application paragraphs of the jury charge, violated his right against double jeopardy, because this same theft supported his conviction for the aggravated robbery of Luisa Kopinsky under count one of the indictment.[8]

■ We find appellant's second point of error dispositive. The jury was not entitled to convict appellant on count two under the theory that he was in the course of committing theft of property from Luisa Kopinsky. This same theft supported appellant's conviction under count one. For the reasons stated in part one of this opinion, permitting appellant's conviction on count two for this same theft would violate appellant's right against double jeopardy. Appellant's claim of double jeopardy was not waived by his failure to raise it at trial. *Tinney v. State*, 773 S.W.2d 364, 366 (Tex. App.—Fort Worth 1989, no pet. ref'd).

Appellant's second point of error under count two in cause number 607,464 is sustained.

We affirm appellant's conviction under count one in cause number 586,615. We reverse appellant's conviction under count two in cause number 607,464, and render a judgment of acquittal.

O'CONNOR J., dissents.

O'CONNOR, Justice, dissenting.

I dissent. By its opinion, the majority creates a new rule to avoid the law of parties.

**The December 13 Robbery**

I agree with the majority that, if the court had charged the jury with the law of parties, the jury would have been authorized to convict the appellant under count one for aggravated robbery of Mrs. Kopinsky. I also agree with the majority that we cannot affirm the conviction by considering the evidence that the appellant took property from Mr. Kopinsky that was owned by Mrs. Kopinsky.

I disagree with the majority that we can affirm the appellant's aggravated robbery conviction on the theory that the appellant committed an attempted theft. To reach that result, the majority ignores the facts in this case: the robbery of Mrs. Kopinsky was a completed theft, not an attempted theft. The only reason to treat the theft as merely "attempted" is to avoid the error in the charge. I do not believe we are authorized, as an intermediate court, to create a way around the law of parties. No other court in Texas has done so.

The majority opines that the jury could have found that appellant, while attempting to commit theft and with intent to obtain control of property belonging to Mrs. Kopinsky, intentionally or knowingly threatened or placed Mrs. Kopinsky in fear of imminent bodily injury or death, and used or exhibited a deadly weapon. We have no reason to believe that the jury, in reaching its decision on conviction under count one, considered that the theft of property from Mrs. Kopinsky was merely an *attempted* theft. The State, represented by experienced and knowledgeable appellate attorneys, did not propose such a reason to affirm in its brief. If the district attorney's office did not consider this as a reason to convict, I do not believe we can assume it may have occurred to the jury in this case.

Despite the majority's disclaimer in footnote seven, by affirming the conviction as to count one, we are holding the appellant

---

8. Count one of the indictment charged that appellant,

 while in the course of committing theft of property owned by LUISA KOPINSKY and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place LUISA KOPINSKY in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to-wit, A FIREARM.

responsible for his accomplice's act without a charge on the law of parties, in violation of *Jones v. State*, 815 S.W.2d 667, 669 (Tex.Crim.App.1991). Without the charge on the law of parties, the evidence does not support a finding that appellant, personally, committed an aggravated robbery against Mrs. Kopinsky. I would reverse as to count one.