Affirmed and Memorandum Opinion filed May 24, 2005









Affirmed and Memorandum Opinion
filed May 24, 2005.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00300-CR

_______________

 

RONKELLER JAVON ALLISON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from 174th District Court

Harris County, Texas

Trial Court Cause No. 950,371

                                                                                                                                                

 

M
E M O R A N D U M  O P I N I O N

Appellant
Ronkeller Javon Allison was convicted by a jury of the offense of aggravated robbery.  In three issues, appellant contends the
evidence is legally and factually insufficient to support his conviction, and
the trial court erred in excluding evidence of the complainant=s prior conviction for misdemeanor
assault. We affirm.

 

 








I.  Factual and
Procedural Background

Fernando
Young, a convicted forger and the complainant in this case, was awakened one
morning by a knock on his apartment door. 
The man at Young=s door stated he was conducting a Asatisfaction survey@ on behalf of the apartment complex
management and asked Young several questions. 
As Young began to shut his door at the end of the Asurvey,@ the man pointed a gun at Young=s forehead and pushed his way into
Young=s apartment.  The man, later identified as Robert Coleman,
instructed Young to be quiet and lie on the floor.  Coleman put on latex gloves, then opened the
apartment door for appellant, his accomplice. 
Young did not know Coleman, but recognized appellant because Young had
been in a homosexual relationship with appellant=s nephew.  Young testified appellant was also armed with
a handgun.  After appellant entered the
apartment, Coleman used duct tape to bind the hands, feet, and mouth of Young=s companion who had been sleeping on
the sofa, and also placed tape over Young=s mouth.  Appellant then forced Young into the bedroom
by pushing a gun into the back of his head. 









Once
inside the bedroom, appellant demanded money, and he and Coleman searched the
room.  As appellant searched the floor
for money, Coleman discovered a third occupant of the apartment, Jason
Washington,[1]
hiding under Young=s bed.  Coleman and
appellant then began assaulting Washington and, while this occupied them, Young
ran from the apartment.  As police
officers were responding to a call stating a man was running through the
apartment complex shouting for the police, they encountered Young across the
street from the complex in a parking lot. 
Young told police that someone was attempting to break into his
apartment and rob him.  An officer drove
Young to the apartment complex and, as they reached the complex=s gate, Young identified appellant
and Coleman as the occupants of a car that was exiting through the gate.  As the cars pulled alongside each other, the
officer pointed his gun at appellant and commanded him to stop, but appellant
drove away.  Both Coleman and appellant
were subsequently arrested.  

Appellant
was charged with aggravated robbery.  At
trial, the court instructed the jury on the law of parties.  The jury convicted appellant without
specifying whether he acted as a principal or a party, and the court sentenced
him to 25 years= confinement in the Institutional Division of the Texas
Department of Criminal Justice.  This
appeal followed. 

II.  Issues on
Appeal

Appellant
presents three issues for our review.  In
his first issue, appellant argues the evidence is factually insufficient to
support his conviction because much of the evidence is conflicting, and, based
on the evidence, he presents a more viable hypothesis of the actual events
inside Young=s apartment.  Appellant=s second issue challenges the legal
sufficiency of the evidence, claiming that because the State failed to prove
theft, an essential element of the charged crime, the State failed to prove
aggravated robbery beyond a reasonable doubt. 
In his third issue, appellant contends the trial court erred in
excluding evidence of Young=s prior conviction for assault against appellant=s nephew, because the evidence was
crucial to his defensive theory that Young ran not because of the robbery, but
because he feared appellant might assault him.     

III.  Analysis

A.        Sufficiency of the Evidence

1.         Standards
of Review








When
conducting a legal sufficiency review, we must determine whether, after viewing
the evidence in the light most favorable to the verdict, a rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Moff v. State, 131 S.W.3d
485, 488 (Tex. Crim. App. 2004).  During
this process, we do not reevaluate the credibility of witnesses or the weight
of evidence, and we will not substitute our judgment for that of the
fact-finder.  Johnson v. State,
967 S.W.2d 410, 412 (Tex. Crim. App. 1998). 
We affirm the judgment if any rational trier of fact could have found
the elements of the offense beyond a reasonable doubt.  McDuff v. State, 939 S.W.2d 607, 614
(Tex. Crim. App. 1997).

In
reviewing evidence for factual sufficiency, we view the evidence neutrally,
setting aside the verdict only if (1) the evidence supporting the verdict, if
taken alone, is too weak to sustain the finding of guilt beyond a reasonable
doubt; or (2) the contrary evidence is so strong that the State could not have
met its burden of proof beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484B85 (Tex. Crim. App. 2004).  In our evaluation of the evidence, we must be
deferential to the jury=s findings and resist intruding on the jury=s role as the sole judge of the
witnesses= credibility and the weight to be
given evidence.  Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
Our standards of review remain the same whether the evidence is direct
or circumstantial.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 


2.         Is
a completed theft an element of aggravated robbery?








We
first discuss a sub issue of appellant=s legal sufficiency claim.  Appellant argues that because nothing was
taken from Young, the State failed to prove theft, an essential element of
aggravated robbery.  A person commits
robbery if, in the course of committing theft and with intent to obtain or
maintain control of property, he intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death. Tex. Pen. Code Ann. ' 29.02(a) (Vernon 2004); Page v.
State, 125 S.W.3d 640, 645B46 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d). 
The robbery is aggravated if a deadly weapon is used or exhibited during
the commission of the offense.  Tex. Pen. Code Ann. ' 29.03(a)(2) (Vernon 2004); Page,
125 S.W.3d at 645B46.[2]  The Texas Penal Code defines Ain the course of committing theft@ as conduct that occurs in an attempt
to commit theft, during the commission of theft, or in immediate flight after
the commission of theft.  Tex. Pen. Code Ann. ' 29.01(1).  Although proving attempted theft requires a
showing of intent to steal, this intent may be inferred from circumstantial
evidence.  Caldwell v. State,
943 S.W.2d 551, 552 (Tex. App.CWaco 1997, no pet.). 

In
support of his argument, appellant relies on the following quote from Blount
v. State:  AThe aggravated robbery statute hinges
on the fact that there has been a theft, an essential element required to
violate the aggravated robbery statute.@ 
851 S.W.2d 359, 363 (Tex. App.CHouston [1st Dist.] 1993, no
pet.).  Although this is indeed a correct
statement from Blount, it does not support appellant=s suggestion that a completed theft
must be the basis for an aggravated robbery conviction for two reasons.  

First,
appellant has taken the quote out of context. 
The Blount court made the above statement in its analysis of
whether the appellant was put in double jeopardy by two aggravated robbery
convictions resulting from the theft of the same property jointly owned by a
husband and wife.  See id.  In finding that double jeopardy applied in
such a situation, the court=s emphasis was on there being Aa theft,@ as distinguished from multiple
thefts, in order to constitute one count of aggravated robbery.  Id. 
The court does not, however, state that a completed theft is a
requirement of the offense of aggravated robbery.








Second,
the Blount court later holds that even though no property was taken from
one of the complainants, Athe actual completion of a theft is not necessary for conduct
to constitute robbery.@  Id. at 364
(relying on Cook v. State, 840 S.W.2d 384, 387 (Tex. Crim. App. 1992), overruled
on other grounds by Ex parte Hawkins, 65 S.W.3d 554 (Tex. Crim. App.
1999)); Wolfe v. State, 917 S.W.2d 270, 275 (Tex. Crim. App. 1996).  This is so because the assaultive conduct,
not the theft, is the key factor in establishing a robbery.  See Tex.
Pen. Code Ann. ' 29.02; Caldwell, 943 S.W.2d at 552.  Further, as noted, the Texas Penal Code
specifically states that conduct amounting to robbery can take place while
attempting to commit theft, during the commission of a theft, or in immediate
flight after the commission of theft.  Tex. Pen. Code Ann. ' 29.01(1); see also Blount,
851 S.W.2d at 364.  Thus, there is no
merit to appellant=s claim that a completed theft is an element of
aggravated robbery.  We now turn to the
sufficiency of the evidence supporting appellant=s conviction. 

3.         Is
the evidence sufficient to support the conviction?

Young
testified that Coleman and appellant used a ruse to gain entry into his
apartment, both carried handguns and wore latex gloves, and, once inside, each
threatened his life with the guns.  Young
stated Coleman bound Young=s companion=s hands with duct tape, and also placed tape over Young=s mouth.  Young also testified that appellant forced
him into his bedroom, pushing a gun into the back of his head.  Young stated that appellant and Coleman
demanded money once the three men were in appellant=s bedroom and then searched through
his furniture drawers.  Finally, Young
testified he was able to escape after Coleman and appellant turned their
attention to assaulting Washington.   

After
Young returned to the complex with the police, Coleman and appellant fled
together by car.  Appellant, the driver,
stayed in the car while Coleman exited and fled on foot, carrying a black
backpack which he later disposed of.  The
officers who recovered the backpack testified it contained two loaded handguns
and one pair of latex gloves, and they also discovered a pair of latex gloves
in the car appellant drove.  Although one
police officer testified that Young=s bedroom Alooked like a normal bedroom,@ Young testified that his apartment
had been ransacked.  








Appellant
testified that he and Coleman went to Young=s apartment not to commit a robbery,
but to obtain forged checks Young was making and to possibly confront
Washington about a recent assault that had taken place against appellant=s nephew.  Appellant=s testimony revealed that he had not
previously mentioned to the police that obtaining the checks was one of the
reasons for his visit.  Appellant further
testified that Washington was discovered under the bed while Coleman and
appellant waited for their checks to be printed, not during a search of the
apartment for money.  Appellant stated he
did not have a gun while he was in the apartment, but that Coleman didCfor protectionCbecause appellant knew Young owned a
gun.  Finally, according to appellant=s version of the events, Young fled
the apartment after appellant and Coleman discovered Washington hiding under
Young=s bed.  

Viewing
the evidence in the light most favorable to the verdict, we hold a rational
trier of fact could have found appellant guilty of aggravated robbery.  Moff, 131 S.W.3d at 488.  The State presented evidence that Coleman and
appellant forced their way into Young=s apartment.  Wearing gloves and carrying weapons, they
demanded money, tied up one occupant, threatened Young=s life with handguns, and fled from
police.  Although appellant presented an
alternative theory for his visit to Young=s apartment and Young=s reason for fleeing the apartment,
we presume the jury resolved all evidentiary conflicts in favor of their
verdict.  Turro v. State, 867
S.W.2d 43, 47 (Tex. Crim. App. 1993). 
During a legal sufficiency review, we do not sit as a Athirteenth juror,@ reevaluating the weight and
credibility of the evidence and thereby substituting our judgment for that of
the fact‑finder.  Dewberry v.
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  Appellant=s second issue is therefore
overruled. 








Appellant
raises several evidentiary inconsistencies in his factual sufficiency argument,
essentially attacking the credibility of Young=s testimony.  First, appellant points out that after Young
ran from the apartment, he told police someone was Atrying to break into@ his apartment.  Appellant reminds us, however, that Young
knew the two men were already inside his apartment by this time, and thus were
no longer trying to break in. 
Further, appellant refers us to Young=s statement to police that he had
been Atied-up@ in his apartment, when in actuality
only his mouth had been taped.  Appellant
also labels as Asuspicious,@ and therefore injurious to Young=s credibility, his testimony that the
two men escaped in a black car. 
Appellant claims this testimony contradicts Young=s earlier testimonyCstating he had seen the two men for
the first time that morning at the door to his apartmentCbecause he would have been unable to
identify the car they drove.  Although
these inconsistencies may indeed exist, it is the jury alone that judges the
credibility of the witnesses and of the strength of the evidence.  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  In its role as
exclusive fact finder, the jury may choose to believe or disbelieve any portion
of the witnesses= testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  

Viewing
the evidence neutrally, we are not convinced the evidence supporting the  verdict is too weak to sustain the jury=s finding of guilt beyond a
reasonable doubt, nor is the contrary evidence so strong that the State could
not have met its burden of proving guilt beyond a reasonable doubt.  Zuniga, 144 S.W.3d at 484B85. 
Appellant=s presence in Young=s apartment, the discovery of duct
tape, two handguns, and two pairs of gloves, as well as appellant=s flight from the police, is
sufficient evidence to prove the essential elements of aggravated robbery and
thus prove his guilt beyond a reasonable doubt, in spite of the evidence
garnered from appellant=s testimony.  See
Page, 125 S.W.3d at 645B46; see also Caldwell, 943 S.W.2d at 552.  Accordingly, appellant=s first issue is overruled.

B.        Exclusion
of Prior-Conviction Evidence

In
his third issue, appellant claims the trial court erred in refusing to admit
evidence of Young=s prior conviction for misdemeanor assault against appellant=s nephew, claiming the conviction
shows Young ran from his apartment not because he was being robbed, but because
he feared a physical confrontation with appellant.  Appellant urges that this evidence was
crucial to his defense, because it also corroborates his testimony that he went
to Young=s apartment to obtain forged checks
and to inquire about the assault on his nephew, rather than to rob Young.  In response, the State argues the evidence is
irrelevant and therefore, was properly excluded by the trial court.  

1.         Standard
of Review

We
review the admission or exclusion of evidence under an abuse of discretion
standard.  Goff v. State, 931
S.W.2d 537, 553 (Tex. Crim. App. 1996). 
Decisions on relevance should be largely left to the trial court=s experience and observations, and
will not be disturbed on appeal so long as the decision is within the zone of
reasonable disagreement.  Id.; Zuliani
v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). 








Evidence
is relevant if it has Aany tendency to make the existence of any fact that is of
consequence to the determination of the action more or less probable.@ 
Tex. R. Evid. 401.  If evidence is relevant, it is also
admissible, unless a constitution, statute, or rule prohibits its use.  Tex.
R. Evid. 402.  Irrelevant evidence
is inadmissible.  Id. 

2.         Did
the trial court properly exclude the prior conviction?








During
his cross examination of Young, appellant sought to offer evidence that
Young  had been convicted of misdemeanor
assault against appellant=s nephew two years before the robbery in question.  Appellant=s stated reason for offering the
evidence was not for impeachment,[3]
but to show that Young ran from the apartment because he feared appellant would
assault him rather than because he was being robbed.  The State objected on relevance grounds, and
appellant made an offer of proof.  Young=s testimony during the offer of proof
showed that he had been convicted of the misdemeanor assault of appellant=s nephew in 2001.  During his offer of proof, appellant argued
that the evidence of the prior assault went to his state of mind at the time he
went to Young=s apartment.  Even assuming that appellant went to Young=s apartment because he believed
Washington had information concerning a recent assault against his nephew and
to obtain forged checks, and that Young ran from the apartment because he
feared a confrontation with appellant stemming from the recent assault,
appellant=s motive for going to Young=s apartment and Young=s reason for fleeing were not
questions to be resolved at trial.  See
Tex. Pen. Code Ann. '' 29.02 & 29.03(a)(2).  Rather, the question at trial was whether
appellant committed aggravated robbery while at the apartment.  In light of the evidence against appellant, whether
Young assaulted appellant=s nephew two years prior to the robbery does not have Aany tendency to make the existence of
any fact that is of consequence to the determination@ of appellant=s guilt of aggravated robbery more or
less likely.  Tex. R. Evid. 401.  We
hold the evidence of Young=s prior conviction was irrelevant, and therefore the trial
court did not abuse its discretion by excluding it.  Accordingly, appellant=s third issue is overruled.

For
the foregoing reasons, we affirm the judgment of the trial court.

 

 

 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Memorandum Opinion filed May 24, 2005.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Young testified Washington was also known by the alias
Jay Bigham.  (RR 4, 80)





[2]  The court=s charge
in this case allowed the jury to convict appellant as either a principal or a
party to the aggravated robbery of Young.  A
person may be convicted as a party to a crime if, Aacting with intent to promote or assist the commission
of the offense, he solicits, encourages, directs, aids, or attempts to aid
[an]other person to commit the offense.@  Tex.
Pen. Code Ann. ' 7.02(a)(2) (Vernon 2003); Ahrens v. State, 43
S.W.3d 630, 633 (Tex. App.CHouston [1st Dist.] 2001, pet. ref=d).    





[3]  Evidence of Young=s
conviction, for impeachment purposes, would have been  properly excluded by the trial court because
it is not a felony or a crime involving moral turpitude.  See Tex.
R. Evid. 609(a); see also Patterson v. State, 783 S.W.2d 268, 271B72 (Tex. App.CHouston
[14th Dist.] 1989, pet. ref=d).