IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00336-CR

 

Jeffrey C. Vaccaro,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 03-05-13639-BCCR

 



ORDER










 

          By counsel’s motion to withdraw, this Court
was notified that Vaccaro’s appointed counsel has been retained as an Assistant
District Attorney for Hill County and can no longer represent Vaccaro.  See
Tex. Code Crim. Proc. Ann. art.
2.08 (Vernon 2005).  At this time, both Appellant’s and State’s briefs have
been filed.  Accordingly, to avoid issuing an opinion and have the time in
which to file a motion for rehearing or a petition for discretionary review
running while Vaccaro is not represented by counsel, this case is abated to the
trial court to consider counsel’s withdrawal and the appointment of new
appellate counsel for Vaccaro.  

          We do not have the authority to grant
appointed counsel’s motion to withdraw.  See Enriquez v. State,
999 S.W.2d 906, 907-908 (Tex. App.—Waco 1999, order).  Therefore, counsel’s
motion to withdraw is dismissed.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
abated

Motion
to withdraw dismissed

Order
issued and filed September 21, 2005

Do
not publish

[CRPM]






"font-family: 'CG Times', serif">      When Ms. Hay had the bar cleaned up and was ready to leave, Appellant began to tell her he
was having a bad time. He expressed that someone owed him money and "he was waiting for
them to pay him."
      Appellant then went into the restroom. Ms. Hay watched television as she heard Appellant
throwing up in the restroom. When Appellant came out of the restroom, Ms. Hay started to leave
when Appellant put his hand on her shoulder and told her to sit down and relax. He then hit Ms.
Hay in the back of her head with a steel hammer. The brutal beating continued with repeated
hammer blows. The third time Appellant hit Ms Hay with his hammer (which had a hatchet on
the other end) the weapon got stuck in her skull and he had to pry it out. Throughout the attack
Appellant kept asking Ms. Hay why she didn't just lie down so he could get it over with. She
suffered between 27 and 81 hammer blows and the police, who found her, did not expect her to
survive. Appellant left the bar with the money bag containing approximately $1,061. Ms. Hay
continues to suffer great pain and will have to undergo future treatment and surgery.
      Appellant was indicted for and convicted of aggravated robbery causing serious bodily harm
and his punishment was assessed at life in prison and a $10,000 fine. He appeals on two points
of error: (1) The evidence was legally insufficient to find Appellant guilty of aggravated robbery
with a deadly weapon; and (2) the evidence was factually insufficient to find Appellant guilty of
aggravated robbery with a deadly weapon.
      Specifically, Appellant argues the State failed to show that Appellant beat Ms. Hay with an
intent to further a theft. He contends he had not demanded any money from the victim; that she
asked Appellant why he didn't just take the money and leave, and that Appellant told her that she
knew what he looked like and who he was. Appellant further urges that Ms. Hay told him that
she would give him the money and say that an unidentified man robbed her. In any event,
Appellant left and took the money which totaled about $1,061.
      When reviewing the legal sufficiency of the evidence, we must examine all of the evidence
to determine if any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Crinero v. State, 860
S.W.2d 84, 86 (Tex. Crim. App. 1992). In making this examination, we view the evidence in the
light most favorable to the verdict. Butter v. State, 769 S.W.2d 234, 239 (Tex. Crim. App.
1989). If there is any evidence that could establish guilt beyond a reasonable doubt, the conviction
is not subject to reversal. Anderson v. State, 871 S.W.2d 900, 902 (Tex. App.—Houston [1st
Dist.] 1994, no pet.).
      In reviewing the factual sufficiency of the evidence, we view all of the evidence without the
prism of "in the light most favorable to the prosecution." Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996). Thus the reviewing court may consider the testimony of defense
witnesses and any alternative hypotheses raised by the evidence. Clewis at 135. However, even
under a factual sufficiency analysis, the reviewing court is not authorized to substitute its judgment
for the factfinder. Clewis at 133. The reviewing court sets aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." Clewis
at 135. The Court of Appeals, conducting a factual sufficiency review, must defer to the jury
findings and may find the evidence factually insufficient only where necessary to prevent manifest
injustice. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
      The State is required to prove that the assault was committed in furtherance of an intent to
commit theft. Intent may be proved by direct or circumstantial evidence. Blount v. State, 851
S.W.2d 359, 363.(Tex. Crim. App. 1997). Intent can also be inferred from the acts, words, and
conduct of the defendant. Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995), cert.
denied, 116 S.Ct. 1323 (1996).
      Appellant does not dispute the sufficiency of the evidence to prove that he beat Ms. Hay. Nor
does he dispute that he took the bar's money bag. Instead, Appellant argues the evidence is legally
and/or factually insufficient because it was the victim who put the idea of theft into his head after
the attack.
      Appellant was a regular patron at the bar. He knew Ms. Hay and he knew where the nightly
income bag was hidden before locking up the bar. The night of the robbery, Ms. Hay loaned
Appellant $5 for beer. He told her someone owed him money and he was waiting to be paid. 
When Ms. Hay asked why he was beating her, he told her his mother had died and "spent all of
the inheritance." Ms. Hay asked, "Is this all about money?" and Appellant replied, "I know where
your money is." Ms. Hay, in a desperate attempt to save her life, said to Appellant, "Well, why
don't you just get it?" Appellant's reply made it clear that he intended to kill her before taking
the money by saying, "Because you know what I look like. You know who I am." 
      Appellant signed a confession which is in evidence that he beat Ms. Hay with the hammer-hatchet and that he took the money totaling about $1,061. He was arrested about one mile from
the crime scene in a Motel 6, and he had $664.73 on a table in his room. Appellant was between
jobs and owed a former girlfriend $350 which he had promised to pay the night of the robbery. 
He also had a $850 per month child support obligation. The evidence is overwhelming that
Appellant beat Ms. Hay to get the bar's money bag. Any rational trier of fact could find this
beyond a reasonable doubt.
      As noted Appellant signed a written confession in which he admitted beating Ms. Hay and
taking the money bag. At trial he claimed he had a memory blackout and could not remember
anything about the beating or taking the money. Thus there is no real conflicting evidence with
which to even begin a factual sufficiency analysis.
      The jury's finding is not against the great weight of the evidence and was not clearly wrong
or unjust. Both of Appellant's points are overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 5, 1998
Do not publish