**David WATTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49420.**

Court of Criminal Appeals of Texas.

Dec. 11, 1974.

William T. Wilson, Temple, for appellant.

Joe Carroll, Dist. Atty., Troy C. Hurley, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant was convicted of aggravated robbery (V.T.C.A., Penal Code, Section 29.03); punishment was assessed by the jury at eight years' imprisonment.

On February 11, 1974, appellant and his companion went to the Cashway Grocery in Temple. The owner of the store and his wife were closing for the day when appellant and his companion confronted Ennis Marshall, the owner, on the store's parking lot and demanded money at gunpoint. A fight occurred between Marshall and his two assailants, during which Marshall was injured. The two men fled when Marshall's wife appeared. The money from the store receipts had been placed in the trunk of Marshall's car prior to his encounter with appellant. Although appellant demanded money at gunpoint, no money was taken.

In his single ground of error, appellant contends the trial court erred in refusing to charge on attempted aggravated robbery because the evidence revealed that no money was in fact taken.

Section 29.03 defines aggravated robbery as follows:

"A person commits an offense if he commits robbery as defined in Section 29.02 of the code, and he:

"(1) causes serious bodily injury to another; or

"(2) uses or exhibits a deadly weapon."

V.T.C.A., Penal Code, Section 29.02 defined robbery in the following language:

"A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

V.T.C.A., Penal Code, Section 29.01 defines "in the course of committing theft" as "conduct that occurs in an *attempt* to commit, during the commission, or in immediate flight after the *attempt* or commission of theft" (emphasis added).

It is appellant's contention that aggravated robbery, so defined, is in conflict with the definition of the offense of "criminal attempt," defined in V.T.C.A., Penal Code, Section 15.01, as follows:

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

We perceive no conflict. The offenses of robbery and aggravated robbery, as defined in the above quoted statutes, do not require as an element thereof that the property sought actually be obtained. It is sufficient to show an intent to obtain (or maintain) control of the property, an accompanying theft or attempted theft, and the additional acts with requisite intent set forth in Sections 29.02(a)(1) or (2), 29.03(a)(1) or (2), supra.

 Since the actual success of obtaining the property sought is not an element of the offense of aggravated robbery, the fact that the acts tend but fail to obtain the property does not render them insufficient to effect the commission of the offense of aggravated robbery. As was stated by this Court in Earl v. State, 514 S.W.2d 273, "the actual commission of the offense of theft is not prerequisite to commission of a robbery." Under the facts of this case, the trial court did not err in refusing to charge on attempted aggravated robbery.

Appellant's ground of error is overruled and the judgment is affirmed.