**Lavon K. YARBROUGH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–82–449–CR.**

Court of Appeals of Texas, Austin.

July 6, 1983.

Steve Brittain, Austin (appointed counsel), for appellant.

Ronald Earle, Dist. Atty., James Connolly, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

In a jury trial, appellant was convicted of the offense of robbery. Tex.Pen.Code Ann. § 29.02 (1974). The jury also found the allegation of the enhancement paragraph of the indictment as to a prior final felony conviction to be true, and assessed punishment at confinement in the Department of Corrections for ten years.

Appellant's one ground of error is that the trial court erred in failing to grant appellant's motion for directed verdict because there was insufficient evidence to sustain the conviction. We hold that the trial court properly overruled the motion and will affirm the judgment of conviction.

Appellant was convicted under Tex.Pen. Code Ann. § 29.02(a)(1) (1974), which reads:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another

. . . .

"Bodily injury," as defined by Tex.Pen.Code Ann. § 1.07(a)(7) (1974), means physical pain, illness, or any impairment of physical condition.

"In the course of committing theft" includes theft, attempted theft, and immediate flight from theft or attempted theft. Tex.Pen.Code Ann. § 29.01(1) (1974).

*Fisher v. State,* 538 S.W.2d 623, 624 (Tex. Cr.App.1976); *Earl v. State,* 514 S.W.2d 273, 274 (Tex.Cr.App.1974). The actual commission of theft is not essential for an accused to be guilty of robbery. *Robinson v. State,* 596 S.W.2d 130, 134 (Tex.Cr.App. 1980); *Watson v. State,* 532 S.W.2d 619, 622 (Tex.Cr.App.1976); *Earl v. State, supra* at 274. The victim of the robbery and the victim of the underlying theft or attempted theft need not be the same person. *Royster v. State,* 622 S.W.2d 442, 443 (Tex.Cr.App. 1981); *Servance v. State,* 537 S.W.2d 753, 755 (Tex.Cr.App.1976); *Watson v. State, supra* at 622.

The evidence in this case was as follows. Ernest Wyble was a maintenance supervisor at the Penthouse Apartments in Austin. He was the owner of a Dodge van motor vehicle, which, on the day in question, had been driven by his wife and his son to the closed parking area underneath the apartments. In the van were tools and tool boxes valued between $1,000 and $1,200. Wyble, his wife, and his son, John, had lunch. John and his mother then proceeded toward the parking area, intending to leave in the van. When they approached the van, John saw a man inside the van. At trial, John and his mother identified appellant as this man. Appellant had a tool box in his hand. Other tool boxes had been moved from behind a curtain in the van up to the motor area, located between the two seats.

John yelled at appellant, and asked him what he was doing in the van. At that time, appellant was in the process of backing out the passenger door with a tool box. When John yelled at him, appellant put the tool box down and tried to jump out the passenger door. John ordered him to stop. Appellant acted "like he did not know what to do," so John grabbed him. A struggle ensued, and John threw appellant up against the van. Throwing appellant to the ground, John instructed his mother to get his father. He warned appellant not to move, informing him that he intended to summon the police. Appellant replied, "no, man, let me go, man. I've been in trouble before." Mrs. Wyble left to get her husband. Meanwhile, appellant kicked John Wyble in the groin and ran away. Hurt so badly that he could barely run, John, nevertheless, gave unsuccessful chase.

A pair of dark-rimmed glasses were discovered at the scene of the struggle. A Texas State Optical employee testified that these glasses matched, in every respect, a pair that had been sold to a man named Lavon Yarbrough. Further, appellant's fingerprints were identical to those left on one of the complainant's tool boxes.

■ Appellant admits in his brief that the uncontroverted evidence shows that he was "interrupted while in another person's van with another's property." He argues, however, that he had abandoned the property and left the vehicle at the time he was assaulted by John Wyble. Thus, he says, he could not be guilty of robbery. We disagree. Under Tex.Pen.Code Ann. § 29.-02(a)(1) (1974), the elements of robbery are:

(1) A person [who]

(2) in the course of committing theft

(3) with intent to obtain or maintain control of the property

(4) intentionally or knowingly or recklessly

(5) causes bodily injury to another.

*Robinson v. State, supra* at 132.

The evidence clearly shows that appellant was "in the course of committing theft" as that phrase is defined by Tex.Pen.Code Ann. § 29.01(1) (1974). *Fisher v. State, supra* at 624. There is no question about appellant's intent to obtain and maintain control of the property. Caught in the act of committing theft, he was being restrained by John Wyble when he intentionally kicked Wyble in the groin, causing bodily injury as that term is defined by Tex. Pen.Code Ann. § 1.07(7). That the injury was inflicted so that appellant could escape is clear from the evidence.

We hold that the evidence was sufficient to prove appellant's guilt beyond a reasonable doubt. *Brown v. State,* 535 S.W.2d 640 (Tex.Cr.App.1976); *Lightner v. State,* 535 S.W.2d 176 (Tex.Cr.App.1976); *Teague v.*

*State,* 628 S.W.2d 240 (Tex.App.1982, no pet.).

 Appellant's assertion that he was assaulted by John Wyble after he had abandoned the theft and before he fled, and that robbery was thereby negated, is without merit. Tex.Code Cr.P.Ann. art. 14.01 (1977) provides:

> (a) A peace officer or *any other person,* may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace. [emphasis supplied]

John Wyble was within his rights to arrest and restrain appellant until the officers arrived. Appellant was discovered in the act of committing theft of property of the value of $1,000 or more, a felony. Alternatively, he had committed burglary of a vehicle, also a felony. Tex.Pen.Code Ann. § 30.04 (1974). Consequently, we fail to perceive how Wyble's actions further appellant's position. *See Romo v. State,* 577 S.W.2d 251, 253 (Tex.Cr.App.1979).

The judgment of conviction is affirmed.

BRADY, J., not participating.

Affirmed.