Opinion issued on March 18, 2004.








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00148-CR




TERRANCE JARROD BUTLER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 920955




MEMORANDUM OPINION
          The jury found appellant, Terrance Jarrod Butler, guilty of aggravated robbery
and assessed punishment at confinement for nine and one-half years. In four points
of error, appellant contends that the evidence was legally and factually insufficient 
and the trial court erred when it denied instructions on the lesser-included offenses
of robbery and aggravated assault. We affirm.
Background
          Houston Police Department Officer Larry Allen, working in his undercover
capacity, approached appellant to buy narcotics. Allen told appellant that he would
buy 20 to 30 “cookies” or $10,000 worth of cocaine. Later, on July 24, 2002, at
10:30 p.m., Allen, accompanied by his partner, met appellant at a Kroger’s parking
lot to conduct the sale. Allen’s hidden microphone, wired to a surveillance team,
stopped working just before the sale. 
          Appellant drove to the parking lot with Greg Milbourne. As Allen walked up
to appellant’s car, Milbourne got out of the front passenger seat and into the back
seat, and appellant told Allen to get in the car. Allen refused. 
          When Allen asked to see the “cookies,” appellant demanded to see the $10,000
first. Allen took appellant to his partner’s car, and, while appellant counted the
money in the back of the car, Allen went to appellant’s car where Milbourne gave
Allen one “cookie” to weigh. Appellant walked back to Allen and Milbourne, and
Allen’s partner drove away with the money. Allen told appellant that he would call
his partner to deliver the money once he had the cocaine. Appellant asked Allen to
get in the car so that they could go to get the cocaine. Allen refused, and appellant
said that he would pick up the cocaine and return in a few minutes.
          When appellant and Milbourne returned to the parking lot, appellant again
insisted that Allen get in the car, and Allen again refused. Allen asked to see the
cocaine; appellant expressed concern that the police were around and insisted that
Allen get in the car. Allen sat halfway on the car seat, with his feet outside the door,
and waited for appellant to show him the cocaine. Appellant reached inside his pants,
pulled out an automatic firearm, and said, “Mother fucker get in this car or I’ll kill
you.” Allen got inside the car and closed the door while appellant stuck the gun in
Allen’s side and Milbourne held a gun to Allen’s head. Allen tried to escape, but
appellant locked the doors. The men demanded that Allen call his partner to bring the
money and told Allen that, if he refused, they would kill him. 
          Meanwhile, Allen continued to give verbal distress signals to the surveillance
officers, not knowing that his microphone did not work. As he drove away from the
parking lot, appellant continued to point a gun at Allen. Allen called his partner on
his cell phone, told his partner where they were headed, and pretended to arrange a
meeting with him. 
          Appellant noticed a patrol car behind them with activated overhead lights. 
Appellant accused Allen of being a police officer and continued telling him that he
was going to die. Allen struggled with Milbourne for his gun, but appellant hit Allen
on the head with a gun. 
          As they neared an apartment complex, appellant, Milbourne, and Allen jumped
out of the car and fled. The pursuing officers chased after appellant and saw him run
into an apartment. After the officers arrested appellant, Allen identified him as the
man who had kidnapped him at gunpoint and demanded the $10,000. Officers found
the “cookie” that Milbourne had shown Allen but did not find the weapons. 
Legal Sufficiency
          In his first point of error, appellant contends that the evidence was legally
insufficient to support his conviction because the State failed to prove that he
committed aggravated robbery. 
          When reviewing the legal sufficiency of the evidence, we review the evidence
in the light most favorable to the conviction and determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers
all evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact finder. King, 29 S.W.3d at 562.
          A person commits robbery if, in the course of committing theft and with intent
to obtain or maintain control of the property, he intentionally or knowingly threatens
or places another in fear of imminent bodily injury or death. Tex. Pen. Code Ann.
§ 29.02(a)(2) (Vernon Supp. 2004); Harper v. State, 930 S.W.2d 625, 630 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). To sustain a conviction for aggravated
robbery, it must be shown that appellant used or exhibited a deadly weapon in the
course of committing or attempting a theft. Tex. Pen. Code Ann. § 29.03(a)(2)
(Vernon Supp. 2004); McCain v. State, 22 S.W.3d 497, 501–02 (Tex. Crim. App.
2000).
          Here, Officer Allen testified that appellant pointed a gun at him, demanded that
Allen get into appellant’s car, locked the doors so that Allen could not get out of the
car, demanded that Allen retrieve the $10,000 from his partner, threatened to kill
Allen, and hit Allen on the head with a gun. Allen testified that he was scared and
was placed in fear of imminent bodily injury and death. We hold that the evidence
was legally sufficient for a rational trier of fact to find the essential elements of the
crime beyond a reasonable doubt. 
          We overrule appellant’s first point of error.
Factual Sufficiency
          In his second point of error, appellant contends that the evidence was factually
insufficient to support appellant’s conviction because a rational trier of fact could not
have concluded beyond a reasonable doubt that appellant intentionally and knowingly
committed aggravated robbery. 
          When reviewing a factual sufficiency challenge, we ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak, or so outweighed by contrary proof, as to
undermine confidence in the jury’s determination. King, 29 S.W.3d at 563. 
Accordingly, we will reverse the fact finder’s determination only if a “manifest
injustice has occurred.” Id. (quoting Johnson v. State, 23 S.W.3d 1, 12 (Tex. Crim.
App. 2000)). The jury, as the trier of fact, is the sole judge of the credibility of the
witnesses and is free to accept or reject all or part of the witnesses’ testimony. Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). 
           Appellant argues that the evidence suggests a “strong possibility” that no theft
or attempted theft occurred. Appellant further argues that, because no deadly weapon
was recovered from the scene or from appellant, the evidence was insufficient to
sustain a conviction for aggravated robbery. 
          Allen showed appellant the money, and appellant presented Allen with only
one “cookie.” Allen told appellant that there would be no exchange of money until
he had possession of all the drugs. Yet, as Allen testified, appellant used a gun to
force Allen into the car. Allen tried to escape but appellant locked the doors, stuck
a gun in Allen’s side, and drove away from the parking lot. While holding Allen at
gunpoint and threatening him, appellant never promised to proceed with the drug
transaction. Appellant repeatedly threatened to kill Allen and insisted that Allen
contact his partner to retrieve the money. Appellant’s companion, Milbourne, also
pointed a gun at Allen and threatened him.


 Furthermore, the actual weapon used in
the commission of an offense need not be introduced into evidence if a witness is able
to testify about the weapon and the manner in which it was used. See Morales v.
State, 633 S.W.2d 866, 868 (Tex. Crim. App. 1982); Victor v. State, 874 S.W.2d 748,
751 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). Accordingly, we hold that the
evidence was factually sufficient to support the verdict. 
          We overrule appellant’s second point of error.
Lesser-Included Offense 
          In his third and fourth points of error, appellant argues that the trial court erred
in denying his requested jury instructions on the lesser-included offenses of robbery
and aggravated assault.
          In reviewing a court’s decision not to give a charge on a lesser-included
offense, we examine all of the evidence presented at trial, regardless of whether it is
credible, controverted, or conflicting. Lugo v. State, 667 S.W.2d 144, 147 (Tex.
Crim. App. 1984); Garcia, 17 S.W.3d at 6. However, the evidence may not be
“plucked out of the record and examined in a vacuum.” Godsey v. State, 719 S.W.2d
578, 584 (Tex. Crim. App. 1986).
          The Court of Criminal Appeals has adopted a two-prong test to determine if a
jury must be charged on a lesser-included offense. See Aguilar v. State, 682 S.W.2d
556, 558 (Tex. Crim. App. 1985). First, the requested offense must be a
lesser-included offense according to the definition set forth in the Code of Criminal
Procedure. Creel v. State, 754 S.W.2d 205, 211 (Tex. Crim. App. 1988). Under the
Code, an offense is a lesser-included offense if (1) it is established by proof of the
same or less than all the facts required to establish the commission of the offense
charged; (2) it differs from the offense charged only in the respect that a less serious
injury or risk of injury to the same person, property, or public interest suffices to
establish its commission; (3) it differs from the offense charged only in the respect
that a less culpable mental state suffices to establish its commission; or (4) it consists
of an attempt to commit the offense charged or an otherwise included offense. Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon Supp. 2004).
           Second, there must be some evidence that, if the accused is guilty, he is guilty
only of the lesser-included offense. Hernandez v. State, 819 S.W.2d 806, 813 (Tex.
Crim. App. 1991). If a defendant presents no evidence and no evidence otherwise
raises the issue of a lesser offense, a charge is not required. Aguilar, 682 S.W.2d at
558; Garcia v. State, 17 S.W.3d 1, 6 (Tex. App.—Houston [1st Dist.] 1999, pet.
ref’d). 
Robbery
          In some circumstances, robbery may constitute a lesser-included offense of
aggravated robbery. Little v. State, 659 S.W.2d 425, 426 (Tex. Crim. App. 1983); 
Teague v. State, 789 S.W.2d 380, 381 (Tex. App.—Houston [1st Dist.] 1990, pet.
ref’d). Therefore, the first step of the Aguilar test is satisfied. See Aguilar, 682
S.W.2d at 558. Appellant must next show evidence that he could only have been
found guilty of robbery and not of aggravated robbery. Robbery requires that the
accused acquire or exercise control over property by the use of force or threat;
however, there is no requirement that the accused use or exhibit a deadly weapon to
exercise that control. See Tex. Pen. Code Ann. § 29.02. 
           Appellant argues that, because the officers did not recover a firearm, there was
evidence that he did not possess a firearm; thus, appellant was entitled to a lesser-
included offense of robbery. The State responds that there is sufficient evidence to
show that appellant carried a gun and there is no evidence to the contrary. The State
further argues that, even if appellant did not have a firearm, according to the law of
parties, a jury would still have found appellant guilty because the evidence revealed
that Milbourne threatened Allen with a gun.


 
          As stated earlier, the actual weapon used in the commission of an offense need
not be introduced into evidence if a witness is able to testify about the weapon and
the manner in which it was used. See Morales, 633 S.W.2d at 868; Victor, 874
S.W.2d at 751. Here, Allen testified that appellant brandished a gun, used the gun to
control Allen, put the gun in Allen’s side, threatened to kill Allen as he pointed the
gun at him, and struck Allen’s head with the gun. Furthermore, Allen testified that
Milbourne pointed a gun at Allen’s head, threatened Allen, and struggled with Allen
over the gun. There is no evidence that appellant, if guilty, was guilty only of the
lesser offense of robbery.
          We overrule appellant’s third point of error.
Aggravated Assault
          Aggravated assault can be a lesser-included offense of aggravated robbery. 
Parrish v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994). Therefore, the first
step of the Aguilar test is satisfied. See Aguilar, 682 S.W.2d at 558. Appellant must
next show evidence that he could only have been found guilty of aggravated assault
and not aggravated robbery. Aggravated assault requires that the accused threaten
another with a deadly weapon. Tex. Pen. Code Ann. § 22.02(a) (Vernon Supp.
2004). Aggravated robbery requires that an accused used or exhibited a deadly
weapon in the course of committing or attempting a theft. Tex. Pen. Code Ann. §
29.03(a)(2). 
          Here, appellant argues that evidence exists that would permit a rational jury to
find that a theft had not been committed, and, therefore, he was entitled to an
instruction on aggravated assault. We disagree.
          Allen testified that appellant forced Allen into appellant’s car with a gun and
locked the doors to prevent Allen from escaping. Appellant and Milbourne pointed
guns at Allen and demanded that he call his partner and retrieve the $10,000. The
offense of aggravated robbery does not require that appellant actually obtain the
money he sought. See Watts v. State, 516 S.W.2d 414, 415 (Tex. Crim. App. 1974)
(holding that the actual success of obtaining the property sought is not an element of
the offense of aggravated robbery). Furthermore, there was no evidence indicating
that, once Allen obtained the $10,000 and gave it to appellant, appellant intended to
give Allen the drugs. Accordingly, the trial court did not err when it refused
appellant’s request for the lesser-included offense of aggravated assault. 
          We overrule appellant’s fourth point of error.
                                                   Conclusion
           We affirm the judgment of the trial court. 


                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.4.