

**NUMBER 13-07-633-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**ERIC DESHON SORRELLS,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

**On appeal from the 331st District Court
of Travis County, Texas.**

---

## DISSENTING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela
Dissenting Memorandum Opinion by Justice Vela**

I respectfully dissent. Texas law no longer requires the State to prove that a

completed theft occurred in order for a jury to convict a defendant of aggravated robbery.[1]

---

[1]Under the Penal Code of 1925, the offense of robbery required a completed theft as an element of the crime. *Ex parte Hawkins*, 6 S.W.3d 554, 559 (Tex. Crim. App. 1999). Under Section 29.03 (aggravated robbery) of the new penal code, however, "no completed theft is required." *Id*. at 559-60.

I believe the State proved that Sorrells committed the offense of attempted theft, which is required by Texas law for a jury to convict a defendant of aggravated robbery. After viewing all of the evidence in the light most favorable to the verdict, I conclude that the evidence is legally sufficient to support the conviction for aggravated robbery beyond a reasonable doubt.

The majority states "[i]n order to reach the conclusion that Sorrells committed aggravated robbery, the jury was first required to find that he committed theft. *See* TEX. PENAL CODE ANN. § 29.02." Slip op. at 9. Because this is an incorrect statement of the law, the majority cannot hold that the evidence was legally insufficient to support the verdict on the basis that Sorrells did not commit theft.

Section 29.03 defines aggravated robbery as follows:

> (a) A person commits an offense if he commits robbery as defined in Section 29.02, and he:
>
> (1) causes serious bodily injury to another;
>
> (2) uses or exhibits a deadly weapon; or
>
> (3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:
>
> (A) 65 years of age or older; or
>
> (B) a disabled person.

TEX. PENAL CODE ANN. § 29.03(a) (Vernon 2003).

Section 29.02 defines robbery in the following language:

> (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
>
> (1) intentionally, knowingly, or recklessly causes bodily injury to another; or

2

      (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

*Id*. § 29.02(a). Section 29.01 defines "in the course of committing theft" as "conduct that occurs in an *attempt* to commit, during the commission, or in immediate flight after the *attempt* or commission of theft." *Id*. § 29.01(1) (emphasis added).

Thirty-five years ago, our court of criminal appeals held that the offenses of robbery and aggravated robbery

> do not require as an element thereof that the property sought actually be obtained. It is sufficient to show an intent to obtain (or maintain) control of the property, an accompanying theft or attempted theft, and the additional acts with requisite intent set forth in Sections 29.02(a)(1) or (2), 29.03(a)(1) or (2), [or (3)]. . . .
>
> Since the actual success of obtaining the property sought is not an element of the offense of aggravated robbery, the fact that the acts tend but fail to obtain the property does not render them insufficient to effect the commission of the offense of aggravated robbery.

*Watts v. State*, 516 S.W.2d 414, 415 (Tex. Crim. App. 1974). Texas courts have continued to follow this holding. *See Bustamante v. State*, 106 S.W.3d 738, 740 (Tex. Crim. App. 2003) (stating that "proof of a completed theft is not required to establish the underlying offense of robbery or attempted robbery."); *Maldonado v. State*, 998 S.W.2d 239, 243 (Tex. Crim. App. 1999) (stating that "[p]roof of a completed theft is not required to establish the underlying offense of robbery."); *Wolfe v. State*, 917 S.W.2d 270, 275 (Tex. Crim. App. 1996) (stating that "[p]roof of a completed theft is not required to establish a robbery."); *Autry v. State*, 626 S.W.2d 758, 762 (Tex. Crim. App. 1982) (stating that "[t]he actual commission of the offense of theft is not a prerequisite to the commission of the offense of robbery."); *King v. State*, 157 S.W.3d 873, 874 (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd) (stating that "[u]nder Texas law, actual commission of theft is not a prerequisite to the commission of robbery."); *Garza v. State*, 937 S.W.2d 569, 570 (Tex. App.–San

3

Antonio 1996, pet. ref'd) (stating that in aggravated-robbery case, "the actual commission of theft is not a prerequisite of the offense of robbery); *Fortenberry v. State*, 889 S.W.2d 634, 636 (Tex. App.–Houston [14th Dist.] 1995, pet. ref'd) (stating that the fact that defendant unable to complete theft insufficient to negate criminal intent to commit aggravated robbery); *Yarbrough v. State*, 656 S.W.2d 200, 201 (Tex. App.–Austin 1983, no pet.) (stating that "[t]he actual commission of theft is not essential for an accused to be guilty of robbery."). Therefore, I conclude that the State did not have to prove beyond a reasonable doubt that Sorrells committed theft for the jury to convict him of aggravated robbery. *See id*. Texas law only requires that the State prove an *attempted* theft in order for a jury to convict a defendant of aggravated robbery. *See Watts,* 516 S.W.2d at 415.

*A. Standard of Review*

In reviewing a claim that the evidence is legally insufficient to support a judgment, the relevant question on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Young v. State*, 283 S.W.3d 854, 861 (Tex. Crim. App. 2009). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id*. Therefore, an appellate court will determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence, both direct and circumstantial, when viewed in the light most favorable to the verdict. *Id*. at 861-62. Although an appellate court considers all evidence presented at trial, we may not substitute our judgment for that of the jury. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

4

*B. Whether The Evidence Showed That Sorrells Committed Attempted Theft*

A person commits theft if he or she "unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2009). "'Appropriate' means: (A) to bring about a transfer or purported transfer of title to or other nonpossessary interest in property, whether to the actor or another, or (B) to acquire or otherwise exercise control over property other than real property." *Id*. § 31.01(4). "'Deprive' means: (A) to withhold property from the owner permanently . . . or (C) to dispose of property in a manner that makes recovery of the property by the owner unlikely." *Id*. § 31.01(2)(A), (C). Thus, theft has three elements: (1) an appropriation of property; (2) that is unlawful; and (3) is committed with the intent to deprive the owner of the property. *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.–Waco 2007, no pet.). Asportation—the act of carrying away or removing property–is not an element of statutory theft. *Id*.

Under the law of criminal attempt, "[a] person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PENAL CODE ANN. § 15.01(a) (Vernon 2003). "[T]he law of criminal attempt does not require that every act short of actual commission of the offense be accomplished." *Santellan v. State*, 939 S.W.2d 155, 163 (Tex. Crim. App. 1997).

"While an intent to steal must be shown in order to prove an attempted theft, this intent may be inferred from circumstantial evidence." *Wolfe*, 917 S.W.2d at 275. "Intent may . . . be inferred from circumstantial evidence such as acts, words, and the conduct of the appellant." *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). "Intent is a fact issue for the jury." *Rodriguez v. State*, 793 S.W.2d 744, 748 (Tex. App.–San Antonio 1996, no pet.). "In a sufficiency review, the jury's inference of intent is afforded more

5

deference than the evidence supporting proof of conduct." *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2002). Circumstantial evidence of an accused's intent is not "'required to meet the same vigorous criteria for sufficiency as circumstantial proof of other offensive elements.'" *Id*. (quoting *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). "'It is not necessary that this Court find to its own satisfaction that such was the defendant's intent. It is enough for us to find that 'any' rational jury could have so found beyond a reasonable doubt.'" *Id*. (quoting *Brimage v. State*, 918 S.W.2d 466, 476 (Tex. Crim. App. 1994)).

Mere presence at the crime scene or flight therefrom, either standing alone or combined, is insufficient to sustain a conviction. *King v. State*, 638 S.W.2d 903, 904 (Tex. Crim. App. 1982). These are, however, circumstances from which the jury may draw an inference of guilt. *See Thompson v. State*, 697 S.W.2d 413, 417 (Tex. Crim. App. 1989); *Scott v. State*, 946 S.W.2d 166, 168 (Tex. App.–Austin 1997, pet. ref'd).

The evidence showed that Sorrells's conduct at the crime scene constituted far more than just mere presence and flight. Shortly before his arrest for the aggravated robbery, Sorrells, while wearing his jacket, pointed a gun at Rice, who was wearing a necklace. The two fought each other, and another man punched Rice and held a gun to Rice's head. During the altercation, Kevin Fritz saw Rice's necklace on the ground. After the altercation, Fritz saw Sorrells, Andre Oliver, and the other man run inside of Spill. After the trio ran inside of Spill, Rice could not find his necklace and told Frances Reynolds that it had been stolen. When Sorrells and Hardeman were arrested in the alley behind Spill, Rice's necklace was found in the jacket worn by Hardeman. I agree with the majority's statement that "[b]ased on th[e] circumstantial evidence, the jury could have reasonably inferred that the jacket worn by Hardeman belonged to Sorrells." Slip op. at 10.

6

The question remains: Who picked up Rice's necklace off the ground outside of Spill? There is no evidence to show that Hardeman was outside of Spill either before, during, or after the altercation. Thus, a rational jury could reasonably conclude that she did not pick up Rice's necklace. The evidence does show that Sorrells was outside of Spill before, during, and after the altercation and that Andre Oliver and the other man were with him. Even though Oliver and the other man were present during the assault, and thereafter, ran inside Spill, this does not mean that the jury had to conclude that either of them picked up the necklace. Sorrells was the first to point a gun at Rice and assault him. Thereafter, he ran inside of Spill. It is just as likely that Sorrells picked up the necklace. The court of criminal appeals has addressed the question of logical inferences in a legal-sufficiency review, stating that "'[w]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.'" *Evans v. State*, 202 S.W.3d 158, 163 (Tex. Crim. App. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985)). Thus, a rational jury could reasonably conclude that Sorrells attempted to appropriate Rice's necklace by picking it up and putting it in his jacket pocket. This evidence also showed Sorrells's intent to deprive Rice of the property. *See* TEX. PENAL CODE ANN. § 31.03(a).[2] To prove the element of intent to deprive for theft, the State does not need to prove that an actual deprivation occurred. *See Rowland v. State*, 744 S.W.2d 610, 612 (Tex. Crim. App. 1988). What is relevant is the defendant's intent at the time of the taking, not the actual length of deprivation. *See id.*; *see also Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981) (stating that the element which must be proved

---

[2]Under the penal code, the definition of "deprive" includes: "(A) to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner;" and "(C) to dispose of property in a manner that makes recovery of the property by the owner unlikely." *See* TEX. PENAL CODE ANN. § 31.01(2)(A), (C) (Vernon Supp. 2009).

is not a deprivation, but the defendant's intent to deprive at the time of the taking). Sorrells's attempt to conceal the necklace in the pocket of his jacket is probative of wrongful conduct and is also a circumstance of guilt. *See Guevara*, 152 S.W.3d at 50 (stating that "[a]ttempts to conceal incriminating evidence, . . . are probative of wrongful conduct and are also circumstances of guilt."). Furthermore, Sorrells's acts of pointing a gun at Rice, assaulting him, and then hiding Rice's necklace in his jacket showed his intent to steal, i.e., an intent to obtain control of Rice's property. This amounted to more than mere preparation. Thus, viewing all of the evidence in the light most favorable to the verdict, there is legally sufficient evidence to support a reasonable conclusion by a rational jury that Sorrells committed the offense of attempted theft beyond a reasonable doubt.

*C. Whether The Evidence Showed A Nexus Between Sorrells's Assaultive Conduct And The Attempted Theft Of The Necklace*

The majority states that "[t]here is no direct evidence that theft occurred at the time of the assault. Similarly, there is scant circumstantial evidence that Sorrells committed assault 'in the course of committing theft.'" Slip op. at 10. Texas law only requires that the State prove an *attempted* theft in order for a jury to convict a defendant of aggravated robbery. *See Watts,* 516 S.W.2d at 415. Thus, whether the direct evidence failed to establish that theft occurred at the time of the assault is irrelevant.

The robbery statute provides that in order for a person to commit robbery, there must be a nexus between the assaultive conduct and the taking or attempted taking of property. *McGee v. State*, 774 S.W.2d 229, 234 (Tex. Crim. App. 1989); *Ibanez v. State*, 749 S.W.2d 804, 807 (Tex. Crim. App. 1986). If there is evidence showing the defendant formed the intent to obtain or maintain control of the victim's property either before or during the commission of the assault, then the State has proved the theft or attempted theft

8

occurred in the course of the assault. *See Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). A jury can infer the intent to assault from circumstantial evidence, and an accused may form that intent at any time during the course of committing theft or attempted theft in the context of a robbery. *See Matlock v. State*, 20 S.W.3d 57, 63 (Tex. App.–Texarkana 2000, pet. ref'd).

The evidence, viewed in the light most favorable to the verdict, supported a reasonable conclusion by a rational jury that before Sorrells pointed his gun at Rice, Rice was wearing a necklace around his neck, that either before, during, or after the time Sorrells pointed his gun at Rice, he saw that Rice was wearing the necklace, and that when Sorrells saw the necklace, he formed the intent to rob Rice. *See Bustamante,* 106 S.W.3d at 741 (explaining that the fact that defendant saw the victim's gold watch indicates that robbery was "on his mind."). In addition to pointing the gun at him, Sorrells physically assaulted Rice and during this assault, the necklace came off of Rice's neck and fell to the ground. The court of criminal appeals has stated that the "requisite intent to rob may be inferred from circumstantial evidence, particularly the appellant's assaultive conduct." *Young,* 283 S.W.3d at 862. There is no direct evidence that the necklace just happened to come off of Rice's neck during the assault. Therefore, the jury did not have to conclude that the necklace just happened to come off of Rice's neck during the assault. "'Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.'" *Evans*, 202 S.W.3d at 163 (quoting *Anderson,* 470 U.S. at 574). Accordingly, a rational jury could reasonably conclude that the necklace came off Rice's neck because of Sorrells's attempt to steal it. Sorrells's attempt to conceal the necklace in the pocket of his jacket is probative of wrongful conduct and is also a circumstance of guilt. *See Guevara*, 152 S.W.3d at 50. Thus, the evidence viewed in the

9

light most favorable to the verdict, supported a conclusion by a rational jury that Sorrells assaulted Rice in the course of attempting to obtain control of the necklace.

The majority states that "Hardeman's possession of the necklace provides some evidence that the intent to commit theft could have arisen during or immediately after the assault." Slip op. at 13. However, Texas law does not require a completed theft in order for a jury to convict a defendant of aggravated robbery; rather, the State only has to prove an attempted theft. See *Watts*, 516 S.W.2d at 415. Accordingly, Hardeman's possession of the necklace is irrelevant to this case, because the evidence supported a reasonable conclusion by a rational jury that Sorrells picked up the necklace and put it into his jacket pocket, fulfilling the offense of attempted theft. *See Harris v. State*, 29 Tex. App. 101, 14 S.W. 390, 391 (1890) (setting out that the momentary taking of money from drawer, though immediately returned to the owner when caught, was sufficient to constitute theft).

A theft or attempted theft occurring immediately after an assault will support an inference that the assault was intended to facilitate the theft for the purposes of proving robbery. *Russo v. State*, 228 S.W.3d 779, 793 (Tex. App.–Austin 2007, pet. ref'd) (citing *Cooper v. State*, 67 S.W.3d 221, 224 (Tex. Crim. App. 2002). "This inference is not negated by an alternative motive that a jury could rationally disregard." *Id*.

The majority states that "a juror could not rationally disregard that Sorrells's only motive was to move Reynolds from the vehicle and keep Rice from interfering." Slip op. at 14. The majority supports this conclusion with the following arguments.

First, the majority states that "there is no evidence that Sorrells approached Reynolds in an attempt to appropriate her property[.]" *Id*. There is no direct evidence, such as a statement by Sorrells, that he did not intend to rob Rice. The fact that Sorrells did not attempt to steal from or rob Reynolds does not mean that either before, during, or

10

after the time Sorrells pointed his gun at Rice he did not form the intent to rob him. "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." *Evans*, 202 S.W.3d at 163 (quoting *Anderson*, 470 U.S. at 574). Thus, a rational jury could reasonably conclude that even though Sorrells did not intend to rob Reynolds, his mind changed and that he formed the intent to rob Rice.

Second, the majority states that "Sorrells did not approach Rice in an attempt to appropriate his necklace[.]" Slip op. at 14. However, the jury could reasonably conclude that when Sorrells saw the necklace around Rice's neck, he formed the intent to appropriate the necklace from Rice. The evidence showed that 1) Rice was wearing a necklace around his neck when Sorrells pointed the gun at him and physically assaulted him, 2) the necklace came off of Rice's neck during the assault, 3) Sorrells ran inside Spill after the assault, 4) Rice's necklace turned up in the jacket worn by Hardeman, and 5) "the jury could have reasonably inferred that the jacket worn by Hardeman belonged to Sorrells." Slip op. at 10. When Officer Riley commanded Sorrells to stop, he kept walking. Flight upon the approach of an officer "is evidence of guilt." *Bouchillon v. State*, 160 Tex.Crim.R. 79, 267 S.W.2d 554, 555 (Tex. Crim. App. 1954). Thus, a rational jury could reasonably conclude that Sorrells assaulted Rice in the course of attempting to obtain his necklace.

Third, the majority states that "there is no evidence that Sorrells was a party to theft." *Id*. at 14. The charge did not require the State to prove that Sorrells acted under the law of parties in order for the jury to convict him of aggravated robbery. The evidence, when viewed in the light most favorable to the verdict, supported Sorrells's conviction for aggravated robbery as a principal.

11

Fourth, the majority states that "no words, actions, or conduct during the commission of the assault indicate that Rice's assault was committed to facilitate the appropriation of his necklace, . . . ." *Id*. There is no direct evidence that Sorrells assaulted Rice for some reason unrelated to the attempted theft of the necklace. Even though Sorrells did not tell Rice of his intent to rob him, "[a] verbal demand is not the talisman of an intent to steal. Such intent may be inferred from actions or conduct." *Butler v. State*, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989); *Johnson v. State*, 541 S.W.2d 185, 187 (Tex. Crim. App. 1976). Sorrells's acts of pointing the gun at Rice, physically assaulting him, hiding the necklace in his jacket, fleeing the crime scene, and failing to stop when commanded by police indicate that Rice's assault was committed to facilitate the appropriation of his necklace. Thus, the jury could have rationally refused to conclude that Sorrells intended only to assault Rice because of Reynolds's conduct outside of Spill.

*D. Aggravated Robbery As A Principal*

The majority states that because mere presence at the crime scene is not alone sufficient to support a conviction, "[w]e, therefore, must determine whether Hardeman's possession of the necklace, coupled with Sorrells's presence at the scene of the assault, provided the jury with sufficient evidence to infer that Sorrells, acting as the principal, acquired Rice's necklace." Slip op. at 12. The majority further states that when Sorrells was arrested,

> although the necklace was found in a jacket that the jury could have inferred belonged to Sorrells, neither the jacket, nor the necklace were found on his person; instead, Hardeman was wearing the jacket. This evidence is insufficient to show that Sorrells had personal possession of the necklace at any point in time or that he asserted a distinct and personal right to it. Therefore, evidence that the necklace was found in the pocket of Sorrells's jacket does not create the permissible inference that he committed theft.

12

*Id.* (citation omitted). Proof of a successfully completed theft was not required, however. See *Watts*, 516 S.W.2d at 415.

The evidence, when viewed in the light most favorable to the verdict, supported a finding by a rational jury that Sorrells threatened or placed Rice in fear of imminent bodily injury or death by use of the handgun[3] while he "was in the course of committing theft" and "with intent to obtain or maintain control" of the necklace. *See* TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(2). I would hold that the evidence is legally sufficient to sustain a finding that Sorrells, personally committed an aggravated robbery against Rice. I would overrule the issue.

The majority has stated that I have attempted "to lessen the amount of evidence required to support Sorrells's aggravated robbery conviction, . . . ." Slip op. at 9 n.2. I have made no such attempt. Under the Penal Code of 1925, the offense of robbery required a completed theft as an element of the crime. *Ex parte Hawkins*, 6 S.W.3d 554, 559 (Tex. Crim. App. 1999). Under section 29.03 (aggravated robbery) of the new penal code, however, "no completed theft is required." *Id*. at 559-60. I took no part in drafting the new penal code, and I took no part in writing *Ex parte Hawkins*. I have stated the facts as they appear in the record, and I have stated the law as established by the Texas Legislature and interpreted by our court of criminal appeals. I have made no "attempt to lessen the amount of evidence required to support Sorrells's aggravated robbery conviction, . . . ."

---

[3]"While it is true that the threat must be of imminent infliction of bodily injury or death, it is also true that the display of a deadly weapon of and within itself constitutes a threat of the required imminent harm." *Robinson v. State*, 596 S.W.2d 130, 133 n.7 (Tex. Crim. App. 1980).

For these reasons, I respectfully dissent.


ROSE VELA
Justice


Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Dissenting Memorandum Opinion delivered
and filed this 12th day of November, 2009.


14